# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RASONDO MEEKS EL,<br><br>        Plaintiff,<br><br>v.<br><br>DISTRICT COURT CLARK COUNTY., *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-01015-JAD-NJK<br><br>**Order** |

On September 25, 2024, the Court screened Plaintiff's original complaint and dismissed it with leave to amend. Docket No. 6. On October 25, 2024, Plaintiff filed an amended complaint. The Court herein screens that amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.    STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the

complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.   ANALYSIS

Plaintiff asserts claims against the Clark County District Court Family Division ("Clark County Family Division") and Luisana Ortiz.[1]  Plaintiff's claims appear to challenge the Clark County Family Division's enforcement of child support obligations. Docket No. 8 at 4. Plaintiff alleges, without elaboration, that the child support payments violate his "natural and constitutionally protected rights." *Id*. Plaintiff further alleges that the Clark County Family Division acted "under color of law and accompanied by threat, duress, and coercion committed fraud by means of an erroneous administrative act against Plaintiff." Docket No. 8 at 3. Based on these allegations, Plaintiff seeks to assert claims of breach of trust, due process, and fraud. Docket No. 8 at 4-5. Plaintiff seeks punitive damages and a just remedy. Docket No. 8 at 7.

The Constitution itself does not provide a civil cause of action; instead, such a claim must be brought pursuant to 42 U.S.C. § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704,

---

[1] Plaintiff fails to state a colorful claim against Ms. Ortiz. Outside of submitting that Ms. Ortiz started the underlying child custody case and has allegedly kept Plaintiff's children away from him, Plaintiff fails to identify any other action taken by Ms. Ortiz.

2

705 (9th Cir. 1992). As has already been explained, *see* Docket No. 6 at 4, Plaintiff's complaint "must identify what constitutional rights each defendant violated, and provide sufficient facts to plausibly support each violation." *Thomas v. Row Casinos*, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). While Plaintiff broadly alleges that the Clark County Family Division violated his constitutional right to due process and other unspecified "natural and constitutionally protected rights," the amended complaint continues to lack allegations that the Clark County Family Division acted under color of state law. Specific factual allegations are even more critical considering Plaintiff alleges that the Clark County Family Division engaged in fraudulent conduct. *See Neubronner v. Milken*, 6 F.3d 666, 669 n.4 (9th Cir. 1993) (quoting Fed. R. Civ. P. 9(b)) (emphasis in original) ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity"). As a result, the amended complaint does not state a claim under § 1983.

The Court also finds that the *Rooker-Feldman* doctrine precludes it from exercising subject matter jurisdiction over Plaintiff's claims. Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). Here, Plaintiff submits that the Clark County Family Division, in administrating a pre-trial case and enforcing child support, has hampered Plaintiff's "natural and constitutionally protected rights." Docket No. 8 at 4. In doing so, Plaintiff asserts that a state court decision is erroneous and asks the Court to overturn a final state court decision.[2] The *Rooker-Feldman* doctrine does not permit the Court to grant Plaintiff the relief he seeks. *See Estes v. Gaston*, 2012 WL 5839490, at *4 (D. Nev. Nov. 16, 2012) ("To the extent plaintiff wants this court

---

[2] *See Adams v. Adams*, 2021 WL 1842022, at *2 (D. Nev. May 7, 2021), *aff'd*, 2022 WL 684971 (D. Nev. Mar. 8, 2022) (finding that when plaintiff asserts that a state court decision is erroneous and challenges the validity of a child support order, he is effectively asking the Court to overturn a final state court decision).

3

to overturn a final state court decision then the *Rooker-Feldman* doctrine precludes review by this court").

Further, it appears that the *Younger* abstention doctrine also precludes the Court from interfering in the ongoing state matter. Under the *Younger* abstention doctrine, federal courts may not interfere with a pending state proceeding and issue declaratory or injunctive relief, even if there is an allegation of a constitutional violation, unless "extraordinary circumstances" exist. *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). To determine whether it should refrain from interfering with a state proceeding, a federal court must consider whether the state proceeding is ongoing; whether the state proceeding implicates an important state interest; and whether an adequate opportunity exists in the state proceeding to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the federal court affirmatively answers these three questions, then it must refrain from interfering with the state proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

Here, Plaintiff fails to establish whether the family court proceeding underlying the child support order has concluded. Plaintiff submits that there was a "pre-trial administrative adjudication" that was forwarded as a "final administrative judgement," that the Clark County Family Division administered a "pre-trial case," and that Plaintiff was not rendered a trial ruling and thus, filed no appeal. Docket No. 8 at 2, 5. See *Stringer v. Woolsey*, 2010 WL 419429, at *1 (D. Nev. Jan. 29, 2010) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 (1975)) ("State proceedings are ongoing if appellate remedies have not been exhausted"). In addition, family court proceedings involve important state interests. *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (finding *Younger* abstention a "particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction ... and in which the state courts have special expertise and experience"). Further, the Court finds that Plaintiff has adequate opportunity in his state proceeding to raise constitutional challenges; specifically, Plaintiff may seek relief from the state appellate courts in Hawai'i where the original child support case was created. *See* Docket No. 8 at 2; *see also Stringer*, 2010 WL 419429, at *2 (citing *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986)) ("To satisfy

this requirement, it is sufficient that constitutional claims may be raised in state court judicial review of the proceeding").

Lastly, the Court notes a reference to fraud. Docket No. 8 at 4-5. If this reference is meant as a means to plead such a claim, it is more properly brought in state court since Plaintiff has not invoked diversity jurisdiction and, as explained above, the amended complaint does not successfully plead a federal cause of action. *See, e.g.*, *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over state law claims and dismiss them without prejudice."); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed").

Having determined that Plaintiff's amended complaint fails to state any colorable claim for relief, the court must decide whether to afford Plaintiff leave to amend. A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment. *Cato*, 70 F.3d at 1106. Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

Whether to grant leave to amend is a close question in this case. Plaintiff's amended complaint fails as a matter of law and simply cannot be cured through amendment. Moreover, Plaintiff has previously been afforded an opportunity to amend the complaint and was specifically told how to adequately plead a § 1983 claim and was cautioned that the *Rooker-Feldman* doctrine precludes review of Plaintiff's claims by this Court. *See* Docket No. 6 at 4, 6. Nonetheless, the Court will afford Plaintiff one final opportunity to amend the complaint if he believes that any of the above deficiencies can be cured.

### III. CONCLUSION

For the reasons explained above, Plaintiff's amended complaint is **DISMISSED** with leave to amend. Docket No. 8. Plaintiff will have until December 16, 2024, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**Failure to file an amended complaint by the deadline set above may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: November 21, 2024

_____
Nancy J. Koppe
United States Magistrate Judge